J. L. DRANE, Trustee, and J. L. DRANE, JAMES M. CURRY, JOSIE SINCLAIR, J. REED CURRY, C. C. COMMANDER, C. E. STEWART, J. A. SAVARESE, T. H. SCOVELL, and HINES F. VAUGHN, co-partners trading and doing business under firm name and style of T. H. SCOVELL & SONS, ENTERPRISE PROPERTIES, INC., a corporation, J. P. MCWILLIAMS, MRS. J. P. MCWILLIAMS, known as EUNICE G. MCWILLIAMS, HARRIET E. KERR, W. D. BURNETT, G. W. BAILEY and HARRY BOMFORD, *Appellants,* v. COSMOPOLITAN LAND COMPANY, a corporation, *Appellee.*

Division B.

Opinion filed April 25, 1930.

*Gibbons & Gibbons* and *L. O. Boynton,* for Appellants;

*Henry E. Williams, C. W. Lawrence, Jr.,* and *Herman Seigal,* for Appellee.

BUFORD, J.—This case is before the Court on a motion to recall the mandate which was issued pursuant to disposition of former appeal by order of reversal filed on the 10th day of April, 1929, and also a motion to vacate an order of supersedeas heretofore made herein and a motion to dismiss this appeal.

We need only to consider the motion to dismiss the appeal.

The notice of appeal is as follows:

"Come now the defendants, J. L. Drane, trustee, J. L. Drane, individually, James M. Curry, Josie Sinclair, J. Reed Curry, C. C. Commander, C. E. Stewart, J. A. Savarese, T. H. Scovell, and Hines F. Vaughn, co-partners trading and doing business under the firm name and style of T. H. Scovell and Sons; Harriet E. Kerr, W. D. Burnett, G. W. Bailey and Harry Bomford, Jr., By their solicitors, Gibbons & Gibbons and Leonard O. Boynton and take and enter herein their final appeal to the Supreme Court of the State of Florida from the interlocutory order dated May 22nd, 1929, and entered herein on the 22nd day of May, 1929, denying defendants' motion to re-open said cause and take additional testimony and make such returnable the 15th day of August, A. D. 1929."

It is impossible to ascertain which of the two orders of court is referred to in the notice of appeal. The order made on the 21st of May to re-refer was as follows:

"This motion having been duly presented to the Court with counsel for both parties present, together with affidavits in support of same and counsel for complainant contending that the decree of reversal and the mandate are reversals in total and amount to a direction to this Court to enter a decree as prayed for in the bill, and the Court being of the same opinion, it is hereby ordered, adjudged and decreed that the said motion be and the same is hereby denied. Defendants except. This May 20, 1929."

Then on the 22nd day of May the court made an additional order in the following language, to-wit:

"The above and foregoing cause coming on for hearing and the court being advised in the premises, it is hereby ordered that the motion is set up for hearing until 10 o'clock A. M. on Friday, the 24th day of May, 1929, at which time it is the opinion of this court that under the mandate of the Supreme Court this court will be required to enter a final decree as requested by complainant as this court has no authority to grant a supersedeas from the interlocutory order denying the motion of defendant to be allowed to take additional testimony but being of the opinion that they should have several days time in which to try to take any action or secure a supersedeas, as to interlocutory order.

"Done and ordered this May 22nd, 1929, in chambers at Lakeland, Fla."

The orders will be taken and considered together.

The case had come on for hearing and a final decree had been entered upon the testimony taken before a master. When the case was presented to the chancellor under the the pleadings and the proof it was necessary for the chancellor either to enter a final decree dismissing the bill of complaint or else enter a final decree granting the relief prayed in the bill of complaint. All the parties had had their day in court. The chancellor entered an order dismissing the bill. From the order this appeal was taken. The final decree should have been in favor of the complainants granting the relief prayed in the bill of complaint. When the case came on for hearing in this Court the decree of the chancellor was reversed on authority of the opinion in the case Langley v. Irons Land & Development Co., 94 Fla. 1010, 114 So. R. 769, and authorities there cited, and also on authority of Black on Rescission and Cancellation, (2nd Ed.), Sec. 419. The mandate was is-

sued to the circuit court and thereafter the appellants, the defendants in the court below, filed a motion to re-refer the case to the master for the taking of further testimony, and the chancellor denied the motion.

If in any case it should be proper for the chancellor to make an order for re-reference for the purpose of taking additional testimony on the merits of a case after the entry of a final decree on the merits and after appeal to and disposition of by this Court without an order from this Court permitting such a course to be pursued, the record in the instant case does not present a case of facts or pleadings which would warrant such a course.

The motion for re-reference and the proofs submitted in support thereof show upon the face thereof and beyond any question that the proof sought to be introduced upon re-reference being made, was at best only cumulative. That the evidence sought to be obtained was available at the time the testimony was taken under the first order of reference. That the alleged facts sought to be proven were within the knowledge of a defendant who was a prominent witness testifying on the original hearing. What the record shows was sought to be offered as evidence possesses none of the characteristics of newly discovered evidence.

The appeal is without merit, can only accomplish delay and the proceedings on appeal should be quashed and dismissed under authority of opinion in the case of Williams et al. v. State ex rel. Nuccio, filed in this Court May 21, 1929, and it is so ordered.

Dismissed.

WHITFIELD, STRUM AND BROWN, J. J., Concur.

TERRELL, C. J., AND ELLIS, J., not participating.